14-1757-cv
*Votta v. Castellani*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand fifteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RALPH K. WINTER,
> > *Circuit Judge*,
> VICTOR MARRERO,
> > *District Judge*.[*]

_____

ALFRED VOTTA, on behalf of his minor sons R.V. and J.V., THOMAS CORCORAN, III, DYLAN WEST, KERSTIN D. VOTTA, on behalf of her minor sons R.V. and J.V., DOMINIC SANTORA, JIMMY FARRET,

> *Plaintiffs-Appellants*,

> v.                                             No. 14-1757-cv

RAY CASTELLANI, RICHARD WARD, MARLBORO CENTRAL SCHOOL DISTRICT,

> *Defendants-Appellees*.

_____

_____

[*] Hon. Victor Marrero, United States District Judge for the Southern District of New York, sitting by designation.

For Plaintiffs-Appellants:      MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, NY.

For Defendants-Appellees:      GREGG T. JOHNSON, Lemire, Johnson & Higgins, LLC, Malta, NY.


Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiffs-appellants, six high school students who played on the football team at Marlboro Central High School or their parents, appeal from an April 30, 2014 judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*), which followed an April 14, 2014 oral ruling dismissing their claims for violations of substantive due process against the school district itself, its superintendent, Ray Castellani, and its football coach, Richard Ward. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review de novo a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). Under Rule 12(b)(6), we "construe plaintiffs' complaint liberally, accepting all factual allegations . . . [as] true, and drawing all reasonable inferences in plaintiffs' favor." *Selevan*, 584 F.3d at 88 (internal quotation marks omitted). If we then determine that the complaint "plausibly give[s] rise to an entitlement to relief," we must reverse the dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). We may affirm on any ground that finds support in the record, even if it was not the ground on which the district court relied. *See Headley v. Tilghman*, 53 F.3d 472, 476 (2d Cir. 1995).

2

The plaintiffs' complaint alleges only violations of substantive due process. "The first step in substantive due process analysis is to identify the constitutional right at stake. . . . [Next,] we . . . consider whether the state action . . . was arbitrary in the constitutional sense and therefore violative of substantive due process." *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994). The district court correctly found that some of the conduct alleged in the complaint, like the use of profanity or racist and sexist epithets by Ward, does not implicate a constitutional right. Substantive due process protections extend only to those interests that are "implicit in the concept of ordered liberty," *Palko v. Connecticut*, 302 U.S. 319, 325 (1937), which are rights "so rooted in the traditions and conscience of our people as to be ranked as fundamental," *Reno v. Flores*, 507 U.S. 292, 303 (1993) (internal quotation marks omitted). Whether substantive due process has been denied "is to be tested by an appraisal of the totality of facts in a given case." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998) (quoting *Betts v. Brady*, 316 U.S. 455, 462 (1942)).

The plaintiffs' complaint features a number of allegations that Ward engaged in conduct that infringed on their bodily integrity. "The substantive component of due process encompasses, among other things, an individual's right to bodily integrity free from unjustifiable government interference." *Lombardi v. Whitman*, 485 F.3d 73, 79 (2d Cir. 2007). Accordingly, we must inquire into whether the conduct infringing on that constitutionally protected interest was unconstitutionally arbitrary, which in this context requires that it "shock[] the conscience and [be] so brutal and offensive that it d[oes] not comport with traditional ideas of fair play and decency." *Lewis*, 523 U.S. at 847 (internal quotation marks omitted). Conduct that is merely negligent does not shock the conscience, but "conduct intended to injure in some way

3

unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Id.* at 849.

Dismissal of a complaint is inappropriate if a reasonable jury could conclude that the infringing conduct shocks the conscience. We have declined to create bright-line rules in this area. In *Smith v. Half Hollow Hills Central School District*, this Court considered the dismissal of a complaint alleging that a school instructor had slapped the plaintiff in the face full-force, allegedly causing the student both great physical pain and severe emotional pain for which he underwent psychotherapy. *See* 298 F.3d 168, 170 (2d Cir. 2002) (per curiam). We affirmed the dismissal of the substantive due process claim because the specific conduct in question was insufficient to shock the conscience, but we refused to adopt a per se rule that a single slap from a teacher could never be sufficiently brutal to shock the conscience. *Id.* at 172–73. *Smith* stands in contrast to *Johnson v. Newburgh Enlarged School District*, in which we denied qualified immunity to a defendant because his alleged conduct violated a student's clearly established substantive due process right to bodily integrity. 239 F.3d 246, 251 (2d Cir. 2001). Rather than a single slap, that conduct entailed a teacher choking, dragging, punching, and slamming the head of the student. We found that sustained assault "conscience-shocking because it constitutes conduct (1) maliciously and sadistically employed in the absence of a discernible government interest and (2) of a kind likely to produce substantial injury." *Id.* at 252.

Most of Ward's alleged conduct that infringed on the right to bodily integrity was less serious than the slap in *Smith*. This conduct included handling the players roughly, grabbing their facemasks and shoulder pads, shaking them, and screaming at them in such close proximity that he spat on them. Such minor infringement, even considered in the aggregate, is certainly insufficient to permit a reasonable jury to determine that it shocked the conscience. Many district

4

courts have reached the same conclusion about similar conduct. *See, e.g.*, *Faccio v. Eggleston*, No. 10-cv-783, 2011 WL 3666588, at \*12 (N.D.N.Y. Aug. 22, 2011) (teacher spitting on student); *Perrin v. Canandaigua City Sch. Dist.*, No. 08-cv-6153, 2008 WL 5054241, at \*4 (W.D.N.Y. Nov. 21, 2008) (wrestling coach roughly handling player); *Bisignano v. Harrison Cent. Sch. Dist.*, 113 F. Supp. 2d 591, 600 (S.D.N.Y. 2000) (teacher twisting a student's wrist trying to retrieve $20 bill from his hand).

The foregoing analysis supports the district court's dismissal of these plaintiffs' complaint insofar as the conduct it alleges implicates bodily integrity except as to one disturbing pattern of alleged conduct for which the decision below provided no basis on which to affirm. This allegation is that Ward directed his players to intentionally injure opponents, especially the most talented opponents, exhorting his players to break opponents' fingers and target their half-healed knees. The district court mentioned this conduct as alleged in the complaint, but did not discuss it in its analysis of the motion to dismiss. This alleged conduct is repugnant and, if proved at trial, such outrageous misbehavior, by itself or in combination with other offensive actions, could permit a reasonable jury to find that it shocked the conscience and caused serious emotional and physical harms to a player who was the victim of such intentional conduct ordered by the coach. However, none of these plaintiffs was a victim of such conduct. While these plaintiffs allege emotional and psychological injuries, these injuries are stated in such general and conclusory terms as not to permit a plausible inference that they were caused by Ward's infringing on their fundamental rights.

This problem of generalized and conclusory pleading likewise requires us to affirm the dismissal of the complaint as to conduct it alleges that, liberally construed, might implicate fundamental rights other than the right to bodily integrity. As *Palko* and *Flores* remind us, the

5

guarantee of substantive due process is a limited but powerful bulwark against the injurious potential of the state. *See Abeyta v. Chama Valley Ind. Sch. Dist.*, 77 F.3d 1253, 1257–58 (10th Cir. 1996) ("We are unwilling to hold that actions which inflict only psychological damage may never achieve the high level of a brutal and inhuman abuse of official power literally shocking to the conscience necessary to constitute a substantive due process violation." (internal quotation marks and citation omitted)). Some district courts have identified a fundamental right for children in the state's custody "to be free from unreasonable and unnecessary intrusions into their emotional well-being." *Marisol A. by Forbes v. Giuliani*, 929 F. Supp. 662, 675 (S.D.N.Y. 1996), *aff'd*, 126 F.3d 372 (2d Cir. 1997); *see also B.H. v. Johnson*, 715 F. Supp. 1387, 1395 (N.D. Ill. 1989) ("[A] child who is in the state's custody has a substantive due process right to be free from unreasonable and unnecessary intrusions on both its physical and emotional well-being."). But we decline to reach the question of whether such a right exists or might extend to public high school students, again because the plaintiffs' allegations are too sparse, general, and conclusory.

We have considered the appellants' remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK